UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BETTY RAVEL,<br><br>                Plaintiff,<br><br>    v.<br><br>HEWLETT-PACKARD ENTERPRISE,<br>INC., a Delaware corporation,<br>and DOES 1 through 100,<br>inclusive,<br><br>                Defendant. | CIV. NO. 2:16-cv-2610 WBS DB<br><br>MEMORANDUM AND ORDER RE: MOTION<br>TO DISMISS |

----oo0oo----

Plaintiff Betty Ravel filed this action against defendant Hewlett-Packard Enterprise, alleging that defendant discriminated against her on the basis of her disability in violation of the American with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA").  (Notice of Removal Ex. A, First Am. Compl. ("FAC") (Docket No. 1).)  Before the court is defendant's Motion to Dismiss plaintiff's Complaint. (Def.'s Mot. (Docket No. 4).)

1

1    I.    Factual and Procedural Background

2              Plaintiff began working for defendant, a computer

3    technology company, in 2010.  (FAC ¶¶ 2, 12.)  In March 2015, she

4    was promoted to Sales Administration Manager, a position that

5    involves managing teams of Executive Assistants "located all over

6    the U.S. and internationally."  (Id. ¶¶ 15-16.)  According to

7    plaintiff, she would "manage[] her team on a virtual basis from

8    her home office [in Folsom, CA], using Skype, e-mail and

9    collaborative software," "with occasional trips to the company's

10   [office] in Roseville, CA."  (Id.)

11             Plaintiff alleges that in May 2015, she "began

12   experiencing shooting pains in her left leg."  (Id. ¶ 18.)  Her

13   doctor diagnosed her with sciatica and a herniated and two

14   bulging spine discs.  (Id. ¶ 19.)  After the diagnosis, plaintiff

15   "attempted to work a few days in Roseville," which she alleges is

16   a one hour commute from her home.  (Id. ¶ 22.)  Plaintiff alleges

17   that "[a]fter the third day of commuting to Roseville," the pain

18   in her left leg became "excruciating."  (Id.)  As a result, she

19   "resumed working at home."  (Id. ¶ 23.)

20             "In March 2016, plaintiff attempted to resume work on-

21   site in Roseville.  After three days, the severe pain returned--

22   this time in both legs."  (Id. ¶ 28.)  The one-hour commute to

23   Roseville, according to plaintiff, was interfering with her

24   acupuncturist's "orders [to] . . . alternate[] sitting, standing

25   and lying down in . . . 30-minute rotation[s]," and thus

26   "exacerbat[ing] her herniated and bulging discs" and putting her

27   at risk for "irreparable spinal damage."  (Id. ¶ 29.)

28             In April 2016, plaintiff requested that defendant allow

2

1   her to work exclusively from home going forward.  (See id. ¶ 30.)

2   Defendant denied her request in July 2016 and told her that it

3   could "accommodate [her medical] restrictions in the [Roseville]

4   office."  (Id. ¶ 34.)   Plaintiff then requested that defendant

5   transfer her to its Folsom office, which she alleges "is only

6   fifteen minutes from her home."  (Id. ¶ 37.)   Defendant denied

7   that request as well.  (Id. ¶ 38.)

8           On July 22, 2016, plaintiff went on paid disability

9   leave.  (Id. ¶ 45.)   She was paid 100% of her regular salary

10  until September 2016, at which time her pay was reduced to 70%.

11  (Id. ¶ 44.)   Plaintiff alleges that during the time she has been

12  on leave, she has been "ready, willing and able to work from her

13  home."  (Id. ¶ 45.)

14          Plaintiff filed this action in the California Superior

15  Court on September 21, 2016.  (Notice of Removal at 1.)   She

16  asserts the following causes of action against defendant: (1)

17  disability discrimination in violation of the ADA, 42 U.S.C. §§

18  12101 et seq., and FEHA, Cal. Gov. Code § 12940; (2) failure

19  engage in an interactive process in violation of the ADA, 42

20  U.S.C. § 12112(b)(5)(A), and FEHA, Cal. Gov. Code § 12940(n); (3)

21  failure to provide reasonable accommodation in violation of the

22  ADA, 42 U.S.C. § 12112(b)(5)(A), and FEHA, Cal. Gov. Code §

23  12940(m); (4) failure to prevent discrimination and harassment in

24  violation of FEHA, Cal. Gov. Code § 12940(k); (5) age

25  discrimination in violation of FEHA, Cal. Gov. Code § 12940(a);

26  and (6) intentional infliction of emotional distress.  (FAC at

27  10-13.)

28          Defendant removed plaintiff's action to this court on

3

1    November 1, 2016.   (Notice of Removal.)   Defendant now moves to

2    dismiss plaintiff's Complaint pursuant to Federal Rule of Civil

3    Procedure 12(b)(6).   (Def.'s Mot.)

4    II.   <u>Legal Standard</u>

5          On a motion to dismiss for failure to state a claim

6    under Rule 12(b)(6), the court must accept the allegations in the

7    pleadings as true and draw all reasonable inferences in favor of

8    the plaintiff.   See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974),

9    <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183

10   (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).   To survive a

11   motion to dismiss, a plaintiff must plead "only enough facts to

12   state a claim to relief that is plausible on its face."   <u>Bell</u>

13   <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

14         The "plausibility" standard, "asks for more than a

15   sheer possibility that a defendant has acted unlawfully," and

16   where a plaintiff pleads facts that are "merely consistent with a

17   defendant's liability," the facts "stop[] short of the line

18   between possibility and plausibility."   <u>Ashcroft v. Iqbal</u>, 556

19   U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557).

20         "While a complaint attacked by a Rule 12(b)(6) motion

21   to dismiss does not need detailed factual allegations, a

22   plaintiff's obligation to provide the 'grounds' of his

23   'entitle[ment] to relief' requires more than labels and

24   conclusions . . . ."   <u>Twombly</u>, 550 U.S. at 555 (citation

25   omitted).   "Threadbare recitals of the elements of a cause of

26   action, supported by mere conclusory statements, do not suffice,"

27   and "the tenet that a court must accept as true all of the

28   allegations contained in a complaint is inapplicable to legal

                                      4

1    conclusions." Iqbal, 556 U.S. at 678.

2    III. Discussion

3          A.    Disability Discrimination and Reasonable Accommodation

4                Plaintiff's first cause of action alleges that

5    defendant discriminated against her on account of her disability.

6    (FAC at 10.)  Her third cause of action alleges that defendant

7    failed to provide her a reasonable accommodation.  (Id. at 12.)

8    Each claim is brought under both the ADA and FEHA.

9                The ADA and FEHA each provide protections to disabled

10   employees.  See 42 U.S.C. § 12112(a); Cal. Gov't Code § 12940.

11   While courts in this circuit have often analyzed claims brought

12   under the ADA and FEHA together, see, e.g., Humphrey v. Mem'l

13   Hosps. Ass'n, 239 F.3d 1128, 1140 (9th Cir. 2001) ("We analyze

14   [plaintiff's] state and federal disability claims together . . .

15   ."), they have also noted that "in a number of instances[,]

16   FEHA's anti-discrimination provisions provide even greater

17   protection to employees than does the ADA," Diaz v. Fed. Express

18   Corp., 373 F. Supp. 2d 1034, 1053 (C.D. Cal. 2005).  Because FEHA

19   provides greater protection than the ADA in some instances, "a

20   judgment for a defendant as to an ADA claim will not necessarily

21   lead to a similar judgment with respect to a FEHA claim." Cripe

22   v. City of San Jose, 261 F.3d 877, 895 (9th Cir. 2001).

23               A key issue raised in plaintiff's ADA and FEHA claims

24   is whether defendant satisfied its obligation to provide her a

25   lawful accommodation by placing her on paid disability leave,

26   instead of allowing her to work from her home or at its Folsom

27   office.  Because the ADA and FEHA differ with respect to this

28   question, the court will address plaintiff's disability

                                    5

discrimination and reasonable accommodation claims under the two legislations separately.

               1.   <u>Disability Discrimination and Reasonable Accommodation Under the ADA</u>

"The ADA prohibits an employer from discriminating against a qualified individual with a disability 'because of the disability.'" <u>Nunes v. Wal-Mart Stores, Inc.</u>, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12112(a)).  To state a prima facie claim of disability discrimination under the ADA, plaintiff must allege facts that plausibly show: "(1) [she] is a disabled person within the meaning of the [ADA]; (2) [she] is a qualified individual with a disability; and (3) [she] suffered an adverse employment action because of [her] disability." <u>Hutton v. Elf Atochem N. Am., Inc.</u>, 273 F.3d 884, 891 (9th Cir. 2001).

With respect to the first prong, the ADA defines a "disabled person" as an individual who has "a physical or mental impairment that substantially limits one or more of the individual's major life activities." <u>Coons v. Sec'y of U.S. Dep't of Treasury</u>, 383 F.3d 879, 884 (9th Cir. 2004). "An impairment covered under the ADA includes any physiological disorder," <u>id.</u>, and "major life activities" includes "standing," "sitting," and "lifting," 29 C.F.R. § 1630.2. "Substantially limited" means that a person is "significantly restricted as to condition, manner or duration under which [she] can perform [the] particular major life activity as compared to . . . [an] average person in the general population." <u>Coons</u>, 383 F.3d at 885. "Temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not

1  disabilities." <u>Wilmarth v. City of Santa Rosa</u>, 945 F. Supp.

2  1271, 1276 (N.D. Cal. 1996)

3          Defendant's only challenge with respect to the first

4  prong is that plaintiff cannot base her argument for "disabled

5  person" status on mere "recommendations" from her physician

6  alone.  (Def.'s Mot. at 15.)  That argument fails because

7  plaintiff alleges that her acupuncturist's advice that she not

8  sit or stand for more than thirty minutes was in fact a "strict

9  order[]."  (FAC ¶ 29.)

10         Plaintiff alleges that her sciatica and disc condition

11  prevent her from sitting or standing for more than thirty

12  minutes, or lifting anything "more than ten pounds."  (<u>See</u> FAC ¶

13  29.)  While she indicates that her condition would improve over

14  time "with proper treatment and care," (<u>id.</u> ¶ 36), she also

15  alleges that the effects of the condition and her need for

16  accommodation are "permanent," (<u>id.</u> ¶¶ 32, 36).  Drawing

17  reasonable inferences in plaintiff's favor, the court finds that

18  these allegations are sufficient to plausibly suggest that

19  plaintiff is a "disabled person" within the meaning of the ADA.

20         With respect to the second prong, the ADA defines

21  "qualified individuals" as those "with a disability who, with or

22  without reasonable accommodation, can perform the essential

23  functions of the employment position that such individual holds."

24  42 U.S.C. § 12111(8).  Plaintiff, who has been employed in her

25  current position since March 2015, (FAC ¶ 15), alleges that since

26  being diagnosed with back problems, she has been able to work

27  from home without "miss[ing] a beat," and that she is "ready,

28  willing and able" to continue working if allowed to work from

7

home or at defendant's Folsom office, (FAC ¶¶ 27, 30, 37).
Defendant did not dispute the "qualified" prong in its Motion.
Thus, the court finds that plaintiff has plausibly alleged that
she is a "qualified individual" under the ADA.

With respect to the third prong, defendant notes that
the only adverse employment action plaintiff claims she was
subject to was defendant's decision to deny her request to work
from home or at Folsom.  (Def.'s Mot. at 11.)  Defendant argues
that its decision to deny her request does not constitute an
adverse employment action because it offered her two "reasonable"
alternatives to what she requested: (1) working at defendant's
Roseville office with leave to lie down in the conference room as
needed, and (2) taking a paid leave of absence to recover from
her back condition.  (See id.; FAC ¶¶ 42, 45.)

Defendant correctly notes that under the ADA, "[a]n
employer is not obligated to provide an employee the
accommodation [she] requests or prefers, the employer need only
provide some reasonable accommodation."  Zivkovic v. S.
California Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002)
(citing E.E.O.C. v. Yellow Freight Sys. Inc., 253 F.3d 943, 951
(7th Cir. 2001)).  Defendant's denial of plaintiff's requested
accommodations, therefore, is not an "adverse employment action"
within the meaning of the ADA if either of the alternatives it
offered her is a "reasonable accommodation."[1]

---

[1]    Conversely, if neither alternative offered by defendant
is "reasonable," defendant's denial of plaintiff's request would
constitute an "adverse employment action."  See Kaplan v. City of
N. Las Vegas, 323 F.3d 1226, 1232 (9th Cir. 2003) ("On the face
of the ADA, failure to provide reasonable accommodation to an
otherwise qualified individual with a disability constitutes

1    The ADA does not define the term "reasonable

2    accommodation" with much precision.  See 42 U.S.C. § 12111(9).

3    The Equal Employment Opportunity Commission, however, has

4    promulgated regulations that define "reasonable accommodation" to

5    include "[m]odifications or adjustments to the work environment,

6    or to the manner or circumstances under which the position held

7    or desired is customarily performed, that enable an individual

8    with a disability who is qualified to perform the essential

9    functions of that position."  29 C.F.R. § 1630.2(o)(1)(ii).  The

10   Ninth Circuit has similarly held that a "reasonable accommodation

11   must be effective, in enabling the employee to perform the duties

12   of [her] position."  Humphrey, 239 F.3d at 1137.

13   The first alternative offered by defendant--working at

14   its Roseville office with permission to lie down in the

15   conference room as needed--does not "enabl[e plaintiff] to

16   perform the duties of [her] position" because it does not address

17   plaintiff's alleged inability to commute to Roseville.  (See FAC

18   ¶¶ 29, 36 (noting that hour-long commute to Roseville was

19   "exacerbate[ing]" back condition).)  Defendant argues that the

20   ADA does not require employers to accommodate employees' commutes

21   because commutes are not considered part of their job duties.

22   (See Def.'s Mot. at 10-11.)  The Ninth Circuit has held, however,

23   that an employer has an obligation "to accommodate an employee's

24   limitations in getting to and from work" under the ADA.[2]

25   [disability] discrimination.").

26
27   [2]   Defendant cites three district court cases and a
     California appellate court case that held otherwise: (1) LaResca
     v. Am. Tel. & Tel., 161 F. Supp. 2d 323 (D. N.J. 2001); (2)
28   Salmon v. Dade Cty. Sch. Bd., 4 F. Supp. 2d 1157 (S.D. Fla.

1  Livingston v. Fred Meyer Stores, Inc., 388 F. App'x 738, 740 (9th

2  Cir. 2010); see also Humphrey, 239 F.3d at 1135 (holding that

3  employer had obligation to accommodate employee's inability to

4  get to work on time or at all due to obsessive compulsive

5  disorder).  In light of this holding and in light of plaintiff's

6  alleged inability to commute to the Roseville office, defendant's

7  offer to have plaintiff continue working at the Roseville office

8  does not constitute a reasonable accommodation.  See Humphrey,

9  239 F.3d at 1137.

10       Defendant's second alternative, however, has been

11  recognized by the Ninth Circuit to be "reasonable."  In Humphrey,

12  the Ninth Circuit held that a "leave of absence for medical

13  treatment may be a reasonable accommodation under the ADA" where

14  it would "permit [an employee], upon [her] return, to perform the

15  essential functions of [her] job."  Humphrey, 239 F.3d at 1135-

16  36.  Leave need not be paid to be reasonable under the ADA.

17  Nunes, 164 F.3d at 1247 ("Unpaid medical leave may be a

18  reasonable accommodation under the ADA."); Dark v. Curry Cty.,

19  451 F.3d 1078, 1090 (9th Cir. 2006) (same).

20       Plaintiff alleges that she "has been on full disability

21

22  1998); (3) Schneider v. Cont'l Cas. Co., No. 95 C 1820, 1996 WL
    944721 (N.D. Ill. Dec. 16, 1996); and (4) Gonzalez-Malik v.

23  Superior Court of California, Cty. of San Francisco, No. A117113,
    2008 WL 4329416 (Cal. Ct. App. Sept. 23, 2008).  None of those

24  cases, however, supersede Ninth Circuit precedent.

25       Defendant also argues that Humphrey is distinguishable
    because the plaintiff in Humphrey "attempted to try her

26  employer's initial accommodation" before concluding it was
    ineffective.  (Def.'s Mot. at 14.)  That argument fails, however,

27  because plaintiff has alleged that she tried to commute to
    Roseville several times before concluding that the commute was

28  not feasible.  (See FAC ¶¶ 22, 28.)

1  [leave] as of July 22, 2016" and paid at least 70% of her monthly

2  salary since then.  (FAC ¶¶ 44-45.)  She indicates that her back

3  problems, while "permanent" and requiring "ongoing care," (id. ¶¶

4  32, 36), would improve over time as she remained on leave, (id. ¶

5  36 (noting that plaintiff was making "progress" when not being

6  forced to commute to Roseville)).  In discussing the negative

7  effects that plaintiff's Roseville commute was having on her

8  back, plaintiff's acupuncturist recommended that plaintiff "work

9  from home for a period of no less than 3 months" so that she

10  could recover, (id. ¶ 36), which suggests that after that period,

11  plaintiff would be able to resume working at Roseville.  Because

12  these allegations suggest that a disability leave would allow

13  plaintiff to gain at least a partial recovery and, after a period

14  of a few months, resume working at Roseville, the court finds

15  that defendant's offer of a paid medical leave constitutes a

16  "reasonable accommodation" within the meaning of the ADA.  See

17  Humphrey, 239 F.3d at 1135-36; Nunes, 164 F.3d at 1247.

18       Because plaintiff's Complaint indicates that defendant

19  offered her two accommodations--one of which was "reasonable"--

20  she has failed to state a claim that defendant's denial of her

21  preferred accommodations constitutes an "adverse employment

22  action" within the meaning of the ADA.  See Zivkovic, 302 F.3d at

23  1089.

24       To the extent plaintiff might argue that her disability

25  leave, which involves a 30% pay cut, is nevertheless itself an

26  "adverse employment action," district courts in this circuit and

27  several courts outside of this circuit have held that "a

28  reasonable accommodation cannot be a materially adverse

11

employment action." <u>West v. New Mexico Taxation & Revenue Dep't</u>, 757 F. Supp. 2d 1065, 1121 (D. N.M. 2010); <u>see also</u> <u>Bultemeyer v. Fort Wayne Cmty. Sch.</u>, 100 F.3d 1281, 1283 (7th Cir. 1996) ("A reasonable accommodation . . . should not be construed as an adverse employment action."); <u>Selenke v. Med. Imaging of Colorado</u>, 248 F.3d 1249, 1265 (10th Cir. 2001) (where plaintiff alleges ADA discrimination and reasonable accommodation claims, the analyses for the two merge); <u>Capote v. CSK Auto, Inc.</u>, No. 12-CV-02958 JST, 2014 WL 1614340, at *7 (N.D. Cal. Apr. 22, 2014) (same); <u>Lafever v. Acosta, Inc.</u>, No. C10-01782 BZ, 2011 WL 1935888, at *4-5 (N.D. Cal. May 20, 2011) (same).

        While the Ninth Circuit does not appear to have addressed the question, the court finds the reasoning of the above-cited cases to be instructive.  Defendant already went beyond what is required under the ADA when it placed plaintiff on paid disability leave.  <u>See</u> <u>Nunes</u>, 164 F.3d at 1247; <u>Dark</u>, 451 F.3d at 1090.  Defendant's provision of a "reasonable accommodation" in this case, while not the accommodation plaintiff wanted, should not be construed to be an "adverse employment action."

        Because plaintiff has failed to allege that defendant carried out an "adverse employment action" against her, she has failed to state a plausible claim of disability discrimination under the ADA.  Some courts have held that plaintiffs may also establish disability discrimination "by presenting evidence of disparate treatment."  <u>See, e.g.</u>, <u>Hoffman v. Caterpillar, Inc.</u>, 256 F.3d 568, 572 (7th Cir. 2001).  Plaintiff appears to raise a disparate impact argument in her Opposition, noting that "many

1  other [Hewlett-Packard] employees . . . are permitted to work

2  from home." (Pl.'s Opp'n at 5 (Docket No. 7).) Defendant

3  correctly notes, however, that plaintiff did not allege in her

4  Complaint that she was "treated differently than other similarly

5  situated individuals." (Def.'s Mot. at 17.)

6        Having determined that defendant's offer of paid

7  disability leave is a "reasonable accommodation" under the ADA,

8  the court also finds that plaintiff has failed to state a

9  plausible claim of failure to provide reasonable accommodation

10  under the ADA. Accordingly, the court will dismiss her first and

11  third causes of action, to the extent they are brought under the

12  ADA.

13        2.   Disability Discrimination and Reasonable

14             Accommodation Under FEHA

15        Plaintiff cites FEHA as a second statutory basis for

16  her disability discrimination and failure to provide reasonable

17  accommodation claims. (See FAC at 10-11.) FEHA, similar to the

18  ADA, prohibits employers from discriminating against employees

19  "because of . . . [a] physical disability [or] mental

20  disability." Cal. Gov. Code § 12940(a). "Because the FEHA

21  provisions relating to disability discrimination are based on the

22  ADA, decisions interpreting federal anti-discrimination laws are

23  relevant in interpreting the FEHA's similar provisions."

24  Humphrey, 239 F.3d at 1133 n.6. Indeed, courts have often

25  "analyze[d] . . . [FEHA] and federal disability claims together,

26  relying on federal authority in the absence of contrary or

27  differing state law." Id.

28        FEHA, like the ADA, requires a plaintiff to plausibly

allege the following in order to state a prima facie claim of disability discrimination: "(1) plaintiff suffers from a disability; (2) plaintiff is a qualified individual; and (3) plaintiff was subjected to an adverse employment action because of the disability." Jensen v. Wells Fargo Bank, 85 Cal. App. 4th 245, 254 (2d Dist. 2000).  The court is satisfied that its findings with respect to prongs (1) and (2) in the above ADA analysis resolve the same questions under FEHA.  See Diaz, 373 F. Supp. 2d at 1054 (noting that "FEHA defines 'disability' more broadly than does the ADA"); Bates v. United Parcel Serv., Inc., 511 F.3d 974, 999 (9th Cir. 2007) (applying "qualified individual" analysis under ADA to same inquiry under FEHA).  The court is also satisfied that its findings with respect to the reasonableness of the two accommodations defendant offered plaintiff in the above ADA analysis resolve the same questions under FEHA.  See Nadaf-Rahrov v. Neiman Marcus Grp., Inc., 166 Cal. App. 4th 952, 973 (1st Dist. 2008) (noting that FEHA's definition of "reasonable accommodation" "is virtually identical to the ADA's statutory definition of the term"); Humphrey, 239 F.3d at 1133 (applying "reasonable accommodation" analysis under ADA to same inquiry under FEHA).

Unlike the ADA, however, FEHA does not provide employers complete autonomy in choosing which reasonable accommodation, when there are more than one, to offer an employee.  Section 11068(c) of title 2 of the California Code of Regulations ("section 11068(c)"), which implements FEHA's "reasonable accommodation" provision, states: "When an employee can work with a reasonable accommodation other than a leave of

14

1  absence, an employer may not require that the employee take a

2  leave of absence."  Cal. Code Regs. tit. 2, § 11068(c); see also

3  Wallace v. Cty. of Stanislaus, 245 Cal. App. 4th 109, 134 (5th

4  Dist. 2016) (applying section 11068(c) in FEHA case).  Pursuant

5  to this regulation, an employer's decision to place an employee

6  on leave when she is able to work with another reasonable

7  accommodation "cannot be described as a lawful accommodation of a

8  physical disability."  Wallace, 245 Cal. App. 4th at 134.

9        Here, defendant placed[3] plaintiff on medical leave

10 despite her asking to be allowed to work from home or at

11 defendant's Folsom office.  (FAC ¶¶ 30, 37, 45.)  If either

12 accommodation requested by plaintiff is a "reasonable" within the

13 meaning of FEHA, defendant will have failed to comply with

14 section 11068(c).

15       Under FEHA, a "reasonable accommodation is a

16 modification or adjustment to the work environment that enables

17 the employee to perform the essential functions of the job . . .

18 she holds."  Canupp v. Children's Receiving Home of Sacramento,

19 181 F. Supp. 3d 767, 776 (E.D. Cal. 2016).

20       Based on the facts alleged in plaintiff's Complaint,

21 either accommodation proposed by plaintiff--work from home or

22 work at Folsom--appears to be "reasonable": plaintiff alleges

23 that when at home, she is able to work on her bed, "propped up

24 with pillows, and conduct business with a laptop" without

25 "miss[ing] a beat," and if allowed to work at Folsom, she would

26 ──────────────────

27       [3]     Though the Complaint does not specify, it appears that
   defendant offered and plaintiff accepted disability leave as a
   last resort after the parties were unable to agree upon a work

28 accommodation.  (See Def.'s Reply at 9 (Docket No. 8); FAC ¶ 45.)

1  be able to perform her job as usual so long as she could lie down

2  in the conference room when she needs to.  (See FAC ¶¶ 27, 37,

3  42.)  Neither accommodation would appear to pose an undue burden

4  to defendant, as plaintiff's position appears to involve work

5  that is primarily done on a "virtual basis," via "Skype, e-mail

6  and collaborative software," (id. ¶ 16; see also id. ¶ 25 (noting

7  that plaintiff's manager "works from his home[,] near Chicago")),

8  and thus not dependent on where she works.  Moreover, defendant

9  has allegedly allowed Plaintiff to work from home on and off

10 since 2011.  (Id. ¶ 14).

11      The court concludes that plaintiff has plausibly

12 alleged that either of the accommodations she requested would

13 constitute a "reasonable accommodation" under FEHA.  Because

14 defendant denied her both accommodations and left her with only

15 one other "reasonable" alternative--going on medical leave--it

16 has, under the facts alleged, failed to comply with section

17 11068(c).  This failure is sufficient for the court to deny

18 defendant's Motion to dismiss plaintiff's third cause of action

19 to the extent it is brought under FEHA.[4]  It is also sufficient

20      [4]   Plaintiff's third cause of action is styled as a
   reasonable accommodation claim.  (FAC at 11.)  While failure to
21 comply with section 11068(c) is not technically failure to
   provide reasonable accommodation, the court construes plaintiff's
22 third cause of action, which argues that defendant should have
   allowed plaintiff to continue working as opposed to forcing her
23 to go on leave, to encompass a claim brought pursuant to section
   11068(c).  See White v. WMC Mortg. Corp., No. CIV. A. 01-1427,
24 2001 WL 1175121, at *1 (E.D. Pa. July 31, 2001) ("A plaintiff's
   complaint need not cite the correct statute in order to survive a
25 motion to dismiss.").  Because the court reads plaintiff's third
   cause of action to encompass a claim brought pursuant to section
26 11068(c), and because plaintiff has alleged facts sufficient to
   state a claim under section 11068(c), the court will not dismiss
27 plaintiff's third cause of action.

28

1  for the court to deny defendant's Motion to dismiss plaintiff's

2  first cause of action to the extent it is brought under FEHA, as

3  failure to comply with section 11068(c) constitutes "adverse

4  employment action" when it leads to loss of income.  See Wallace,

5  245 Cal. App. 4th at 134-37 (granting judgment for plaintiff on

6  FEHA disability discrimination claim where adverse action alleged

7  was placement on unpaid disability leave in violation of section

8  11068(c)).

9       B.   Failure to Engage in an Interactive Process

10      Plaintiff's second cause of action alleges that

11 defendant "failed to engage [in] a timely, good faith,

12 interactive process with Plaintiff to determine effective

13 reasonable accommodations for Plaintiff's . . . disabilities."

14 (FAC ¶ 54.)  The claim is brought under both the ADA and FEHA.

15      "Once an employer becomes aware of the need for

16 accommodation, that employer has a mandatory obligation under the

17 ADA [and FEHA] to engage in an interactive process with the

18 employee to identify and implement appropriate reasonable

19 accommodations."  Humphrey, 239 F.3d at 1137.  "The interactive

20 process requires communication and good-faith exploration of

21 possible accommodations between employers and individual

22 employees, and neither side can delay or obstruct the process."

23 Id.  "Employers, who fail to engage in the interactive process in

24 good faith, face liability for the remedies imposed by the

25 statute if a reasonable accommodation would have been possible."

26 Id. at 1137–38.

27      Plaintiff's "interactive process" claim fails under the

28 ADA because she has not alleged that defendant failed to provide

1    her a reasonable accommodation under the ADA.  See Rehling v.

2    City of Chicago, 207 F.3d 1009, 1016 (7th Cir. 2000) (holding

3    that there is no stand-alone claim for "failure to engage in an

4    interactive process" under the ADA; plaintiff must also allege

5    that defendant failed to provide a reasonable accommodation);

6    Wilson v. Dollar Gen. Corp., 717 F.3d 337, 347 (4th Cir. 2013)

7    (same); Lowe v. Indep. Sch. Dist. No. 1 of Logan Cty., 363 F.

8    App'x 548, 552 (10th Cir. 2010) (same).

9              To the extent she brings the same claim under FEHA,

10   however, her claim is not dismissible on the same grounds because

11   she has plausibly alleged that defendant failed to provide her a

12   lawful accommodation under FEHA.  See Cal. Code Regs. tit. 2, §

13   11068(c).

14             Defendant nevertheless contends that it did not fail to

15   satisfy its obligation to interact with plaintiff under FEHA

16   because it responded to her requests to work from home or at

17   Folsom with emails that stated along the lines of the following:

18   "We have reviewed [your] work restrictions and have concluded

19   that we can accommodate these restrictions in the [Roseville]

20   office."  (Def.'s Mot. at 12 (quoting FAC ¶ 34); see also FAC ¶

21   40 ("The note from your doctor does not identify any work

22   restrictions because travel is not an essential function of your

23   role and as a result, is not something the Company is required to

24   accommodate.").)  Plaintiff contends that such responses are

25   without "a modicum of explanation or interactive discussion," and

26   thus lacking in "good faith" and deficient under FEHA.  (Pl.'s

27   Opp'n at 8, 14 (Docket No. 7).)

28             It is for the trier of fact to determine whether

1  defendant's responses to plaintiff were sufficiently

2  "interactive" under FEHA.  The court will accordingly decline to

3  dismiss plaintiff's second claim to the extent it is brought

4  under FEHA.  See Evergreen Partnering Grp., Inc. v. Pactiv Corp.,

5  720 F.3d 33, 45 (1st Cir. 2013) ("It is not for the court to

6  decide, at the pleading stage . . . the meaning of documents that

7  are subject to divergent reasonable interpretations." (quoting

8  Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752, 766 n.11

9  (1984))).

10       C.   Failure to Prevent Discrimination and Harassment

11            Plaintiff's fourth cause of action alleges that

12  defendant "failed to take all reasonable steps to prevent . . .

13  harassment, discrimination or retaliation" in violation of FEHA.

14  (FAC at 12.)  The statute she cites in support of that claim,

15  section 12940(k) of the California Government Code, provides that

16  "[i]t is an unlawful employment practice . . . [f]or an employer

17  . . . to fail to take all reasonable steps necessary to prevent

18  discrimination and harassment from occurring."  Cal. Gov't Code §

19  12940(k).  "Retaliation is included within the meaning of

20  'discrimination' for purposes of § 12940(k)."  Rubadeau v. M.A.

21  Mortenson Co., No. 1:13-CV-339 AWI JLT, 2013 WL 3356883, at *13

22  (E.D. Cal. July 3, 2013).

23            "A plaintiff seeking to recover on a failure to prevent

24  discrimination claim under FEHA must show that (1) [she] was

25  subjected to discrimination; (2) defendant failed to take all

26  reasonable steps to prevent discrimination; and (3) this failure

27  caused plaintiff to suffer injury, damage, loss or harm."  Achal

28  v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015).

1    Courts have interpreted "a failure to prevent discrimination

2    claim [to be] essentially derivative of a [FEHA] discrimination

3    claim." Id. (citing Trujillo v. N. Cty. Transit Dist., 63 Cal.

4    App. 4th 280, 289 (4th Dist. 1998)); see also Rux v. Starbucks

5    Corp., No. 2:05-CV-02299 MCE EFB, 2007 WL 1470134, at *9 (E.D.

6    Cal. May 18, 2007) (denying defendant summary judgment on failure

7    to prevent discrimination claim "[g]iven that" plaintiff's FEHA

8    discrimination claim survived summary judgment); Juell v. Forest

9    Pharm., Inc., 456 F. Supp. 2d 1141, 1160 (E.D. Cal. 2006)

10   (Damrell, J.) (same).

11          As discussed above, plaintiff has sufficiently alleged

12   that defendant discriminated against her in violation of FEHA by

13   placing her on disability leave instead of granting her a

14   reasonable accommodation that would allow her to work.  This

15   alleged violation caused plaintiff economic loss by requiring her

16   to take a 30% pay cut while on leave.  Because plaintiff's FEHA

17   disability discrimination claim survives defendant's motion to

18   dismiss, her failure to prevent discrimination claim survives the

19   motion as well.  See Achal, 114 F. Supp. 3d at 804; Rux, 2007 WL

20   1470134, at *9; Juell, 456 F. Supp. 2d at 1160.

21          D.   Age Discrimination

22          Plaintiff's fifth cause of action alleges that

23   defendant discriminated against her based on her age in violation

24   of FEHA, Cal. Gov. Code § 12940(a).  (FAC at 13.)  "In order to

25   make out a prima facie case of age discrimination under FEHA, a

26   plaintiff must present evidence that the plaintiff (1) is over

27   the age of 40; (2) suffered an adverse employment action; (3) was

28   performing satisfactorily at the time of the adverse action; and

                                  20

1  (4) suffered the adverse action under circumstances that give

2  rise to an inference of unlawful discrimination, i.e., evidence

3  that the plaintiff was replaced by someone significantly younger

4  than the plaintiff." Sandell v. Taylor-Listug, Inc., 188 Cal.

5  App. 4th 297, 321 (4th Dist. 2010).

6       Plaintiff, who is fifty-four, (see FAC ¶ 12), has not

7  alleged facts giving rise to a plausible inference of age

8  discrimination.  Even assuming that plaintiff's being placed on

9  disability leave with 70% pay qualifies as an "adverse employment

10  action" for purposes of a FEHA age discrimination claim, there

11  are no facts indicating that defendant's decision to place her on

12  leave was because of her age.  Plaintiff does not allege that she

13  has been replaced by a younger employee, that she overheard any

14  negative comments about her age, or that age was ever a point of

15  discussion at any time during her communications with defendant

16  about an accommodation for her back problems.  Plaintiff's

17  counsel  stated at oral argument that plaintiff's boss, who she

18  alleges is allowed to work from home, is younger than plaintiff.

19  That fact, however, is not alleged in the Complaint.

20       Plaintiff does allege that defendant's CEO, Meg

21  Whitman, issued a company-wide memo stating that the company

22  should "amp[] up . . . college hiring" and "return to a labor

23  pyramid that really looks like a triangle where you have a lot of

24  early career people" before she was placed on leave.  (Id. ¶ 71.)

25  At worst, the memo suggests that defendant may seek to hire more

26  young applicants at the expense of older ones.  Plaintiff is not

27  a job applicant, and there is no suggestion in the memo, as

28  alleged in plaintiff's Complaint, that defendant was seeking to

1   get rid of current employees who are not young.

2          Because plaintiff has not alleged facts that plausibly

3   suggest she was placed on disability leave because of age

4   discrimination, she has failed to state a plausible claim of age

5   discrimination under FEHA.

6          E.   Intentional Infliction of Emotional Distress

7          Plaintiff's sixth and final cause of action alleges

8   that defendant intentionally inflicted emotional distress upon

9   her during the course of its interactions with her concerning her

10  medical condition.  (Id. at 13.)  Under California law, "[a]

11  cause of action for intentional infliction of emotional distress

12  exists when there is (1) extreme and outrageous conduct by the

13  defendant with the intention of causing, or reckless disregard of

14  the probability of causing, emotional distress; (2) the

15  plaintiff's suffering severe or extreme emotional distress; and

16  (3) actual and proximate causation of the emotional distress by

17  the defendant's outrageous conduct."  Hughes v. Pair, 46 Cal. 4th

18  1035, 1050 (2009).

19         Plaintiff states, in her Opposition, that an email from

20  one of her supervisors rejecting her request to work at Folsom

21  was particularly "brusque," (Pl.'s Opp'n at 7), and that she was

22  "shocked by [its] threatening tone," (FAC ¶ 41).  The email

23  states, in relevant part:

24      The note from your doctor does not identify any work
        restrictions because travel is not an essential
25      function of your role and as a result, is not
        something the Company is required to accommodate. . .
26      . . Please be advised that you are expected to return
        to the office immediately. Failure to do so may result
27      in disciplinary action.

28

1    (Id. ¶ 40.)  This email, according to plaintiff, required her "to

2    choose between 1) ignoring her treating doctor's strict

3    instructions and risking permanent damage to her back and spine

4    by commuting to Roseville, or 2) incur[ing] 'disciplinary action'

5    that could result in her getting fired from her job."  (Id. ¶

6    41.)  Plaintiff alleges that the email, "the refusal of

7    [defendant] to engage in good faith dialogue," defendant's

8    decision to place her on leave and cut her pay, and "uncertainty

9    about her job" resulting from defendant's conduct were all

10   "substantial factor[s] in causing [her] severe emotional

11   distress."  (Id. ¶ 77; Pl.'s Opp'n at 17.)

12          Again, it will be for the trier of fact to determine

13   whether defendant's treatment of plaintiff rose to the level of

14   "extreme and outrageous" conduct.  The court will accordingly

15   decline to dismiss plaintiff's sixth claim at this time.  See

16   Evergreen, 720 F.3d at 45.

17          IT IS THEREFORE ORDERED that defendant's Motion to

18   Dismiss plaintiff's Complaint be, and the same hereby is, GRANTED

19   IN PART and DENIED IN PART, as follows:

20          The following causes of action alleged by plaintiff are

21   DISMISSED WITHOUT PREJUDICE: (1) disability discrimination in

22   violation of the ADA, 42 U.S.C. §§ 12101 et seq.; (2) failure to

23   engage in an interactive process in violation of the ADA, 42

24   U.S.C. § 12112(b)(5)(A); (3) failure to provide reasonable

25   accommodation in violation of the ADA, 42 U.S.C. §

26   12112(b)(5)(A); and (4) age discrimination in violation of FEHA,

27   Cal. Gov. Code § 12940(a).

28          Defendant's Motion to dismiss the following causes of

1  action is DENIED: (1) disability discrimination in violation of

2  FEHA, Cal. Gov. Code § 12940; (2) failure to engage in an

3  interactive process in violation of FEHA, Cal. Gov. Code §

4  12940(n); (3) failure to provide reasonable accommodation in

5  violation of FEHA, Cal. Gov. Code § 12940(m); (4) failure to

6  prevent discrimination and harassment in violation of FEHA, Cal.

7  Gov. Code § 12940(k); and (5) intentional infliction of emotional

8  distress.

9          Plaintiff has twenty days from the date this Order is

10  signed to file an amended complaint, if she can do so consistent

11  with this Order.

12  Dated:   January 11, 2017

13  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24