UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BETTY RAVEL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD ENTERPRISE,<br>INC. and DOES 1 through 100,<br>inclusive,<br><br>　　　　Defendant. | CIV. NO. 2:16-2610 WBS DB |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for June 19, 2017, and makes the following findings and orders without needing to consult with the parties any further.

I. CASE BACKGROUND

Plaintiff brought this action in the California Superior Court on September 21, 2016. (Notice of Removal Ex. A,

Compl. (Docket No. 1).) Defendant removed this action to this court on November 1, 2016. (Notice of Removal (Docket No. 1).)

After removal, defendant moved to dismiss plaintiff's complaint. (Def.'s Mot. to Dismiss (Docket No. 4).) On January 11, 2017, the court granted defendant's motion to dismiss in part and dismissed plaintiff's Americans with Disabilities Act ("ADA") claims and age discrimination claim.[1] (Jan. 11, 2017 Order at 23 (Docket No. 10).) In its dismissal order, the court provided plaintiff twenty days from the date of the order to file an amended complaint. (Id. at 24.) Plaintiff filed an amended Complaint on January 31, (Am. Compl. (Docket No. 11)), and defendant filed an Answer to that Complaint on February 14, (Answer (Docket No. 12)).

On March 2, the parties notified the court that they had agreed to participate in the court's Voluntary Dispute Resolution Program ("VDRP"). (Docket No. 13.)

On May 12, the parties notified the court that they completed VDRP and were not able to settle this action. They filed the present Joint Status Report on June 9. (Joint Status Report (Docket No. 19).)

II. SERVICE OF PROCESS

The named defendant has been served, and no further service is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

///

---

[1] The court declined to dismiss plaintiff's Fair Employment and Housing Act disability discrimination claims and intentional infliction of emotional distress claim. (Jan. 11, 2017 Order at 23-24 (Docket No. 10).)

2

### III. JOINDER OF PARTIES

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### IV. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, and the ADA, 42 U.S.C. § 12101 et seq. Venue is undisputed and hereby found to be proper.

### V. DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by July 14, 2017.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by December 8, 2017. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Rule 26(a)(2) by January 12, 2018.

All other discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by February 9, 2018. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such

| | |
|---|---|
| 1 | motions may be heard (and any resulting orders obeyed) not later |
| 2 | than February 9, 2018. |
| 3 | VI.  MOTION HEARING SCHEDULE |
| 4 | All motions, except motions for continuances, temporary |
| 5 | restraining orders, or other emergency applications, shall be |
| 6 | filed on or before April 13, 2018.  All motions shall be noticed |
| 7 | for the next available hearing date.  Counsel are cautioned to |
| 8 | refer to the local rules regarding the requirements for noticing |
| 9 | and opposing such motions on the court's regularly scheduled law |
| 10 | and motion calendar. |
| 11 | VII.  FINAL PRETRIAL CONFERENCE |
| 12 | The Final Pretrial Conference is set for June 18, 2018, |
| 13 | at 1:30 p.m. in Courtroom No. 5.  The conference shall be |
| 14 | attended by at least one of the attorneys who will conduct the |
| 15 | trial for each of the parties and by any unrepresented parties. |
| 16 | Counsel for all parties are to be fully prepared for |
| 17 | trial at the time of the Pretrial Conference, with no matters |
| 18 | remaining to be accomplished except production of witnesses for |
| 19 | oral testimony.  Counsel shall file separate pretrial statements, |
| 20 | and are referred to Local Rules 281 and 282 relating to the |
| 21 | contents of and time for filing those statements.  In addition to |
| 22 | those subjects listed in Local Rule 281(b), the parties are to |
| 23 | provide the court with: (1) a plain, concise statement which |
| 24 | identifies every non-discovery motion which has been made to the |
| 25 | court, and its resolution; (2) a list of the remaining claims as |
| 26 | against each defendant; and (3) the estimated number of trial |
| 27 | days. |
| 28 | In providing the plain, concise statements of |

undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VIII. TRIAL SETTING

A jury trial is set August 14, 2018 at 9:00 a.m.  The parties estimate that trial will last five days.

## IX. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

## X. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided

only by the undersigned judge.

Dated: June 13, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE